**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| KEONTAE HUMES,<br>Plaintiff,<br>v.<br>T.D. BANK N.A.,<br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:26-cv-14435<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, KEONTAE HUMES ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of T.D. BANK N.A., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.*, as well as for Invasion of Privacy ("IOP"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is an individual over 18 years-of-age residing in Detroit, Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail, e-mail, and telephone from consumers nationwide, including those residing within the state of Michigan. Defendant is a national banking association with its principal place of business located at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a consumer debt that Plaintiff allegedly defaulted on (the "subject debt").

10. For the last few months, Plaintiff has been receiving calls to her cellular phone, (313) XXX-5545, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5545. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (866) 491-7864.

13. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

14. Upon answering Defendant's phone calls, Plaintiff has often been greeted by an artificial and/or pre-recorded voice message before being connected with a live representative.

15. Upon being connected with a live representative, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

16. On or around October 28, 2026, Plaintiff requested that Defendant stop calling her.

17. Plaintiff has even reiterated such requests during subsequent calls but in spite of this explicit information, Defendant has placed over twenty (20) phone calls to Plaintiff's cellular phone through the present day, including several times within the same day.

18. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. Plaintiff has been unfairly treated and harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: loss of work productivity, loss of sleep, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, and diminished cellular phone capacity and functionality.

## COUNT I- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system *or* an artificial *or* pre-recorded

messages without their consent (emphasis added).

23. Defendant employed a pre-recorded and/or artificial voice when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was subjected to an artificial or pre-recorded voice prompting her to hold before she was connected with a live representative.

24. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using a pre-recorded and/or artificial voice without her consent. Any consent that Plaintiff *may* have given by virtue of incurring the subject debt, was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

25. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone, including during Plaintiff's work hours.

27. As pled in paragraphs 18 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEONTAE HUMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

30. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency…"

31. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(f)(ii)

32. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

33. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system when Plaintiff demanded that Defendant stop contacting her. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

34. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

35. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff multiple times. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

**c. Violations of M.C.L. § 445.252(q)**

36. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

37. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, Defendant's communications continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease communicating with Plaintiff after becoming aware that its communications were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

38. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff on multiple occasions that she did not wish to receive any more communications. Yet, Plaintiff was continuously bombarded with collection phone calls from Defendant. In a willful manner, Defendant contacted Plaintiff repeatedly and continuously notwithstanding her demands. Upon

information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

39. As pled in paragraphs 18 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEONTAE HUMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1);

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2);

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT III- INVASION OF PRIVACY-INTRUSION UPON SECLUSION

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

42. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted her overall focus, and continually frustrated and annoyed Plaintiff to the point where she

was denied the ability to quietly live her life, instead having it upended by Defendant's harassing phone call campaign.

43. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

44. By continuing to call Plaintiff in an attempt to coerce her into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

45. As pled in paragraphs 18 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEONTAE HUMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 23rd day of November, 2026.

Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)

(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Keontae Humes*